## G. B. FORREST v. R. B. WOODALL AND OTHERS.

1. The principles respecting the presumption of grants from the State have been heretofore laid down by this court in the cases of Taylor v. Watkins, 26 Texas, 688 ; Yancey v. Norris, 27 Texas, 40 ; Walker v. Hanks, Id., 535, and Smith v. Power, 23 Texas, 29 ; and they are recognized as established law upon the subject.

ERROR from Rusk. Tried below before the Hon. C. A. Frazer.

The action was trespass to try title. Failing to connect with Martin, the defendants relied upon his claim and possession as an outstanding title under a presumed grant, prior and superior to the plaintiff's. There was a verdict by jury for the defendants, judgment accordingly, and a new trial refused.

*Armstrong & Parsons,* for the plaintiff in error.

*Moore & Walker* and *W. Stedman,* for the defendants in error.—There is nothing to distinguish this case in principle from the cases decided by this court in which it has been uniformly held that possession by known and defined boundaries for the requisite period of time will presume a grant. (Jones v. Borden, 5 Tex., 414; Dangerfield v. Paschal, 11 Tex., 583; Lewis v. San Antonio, 7 Tex., 288; Herndon v. Cassiano, 7 Tex., 322; Paul v. Perez, 7 Tex., 338; Morris v. Byers, 14 Tex., 279.)

The facts proved showed a possession, by Martin, of more than twenty years, claiming, using and cultivating the land, the same having been actually surveyed, and the boundaries marked and well identified. It was a sufficient defense to show an outstanding title in the heirs of Martin. In the case of Morris v. Byers, it was said that a possession of fifteen years would be sufficient. In that case the inception of the title by possession commenced in the year 1831. In this case the plaintiff's title originated in the year 1855, a period of twenty years after the settlement and occupation by Martin, when the title of the latter had become complete by

lapse of time and occupancy. Inasmuch as any and every fact necessary to sustain the title, will be presumed in a case where the presumption of a grant arises from lapse of time; therefore the court will presume that after the survey that the proper title was made to Martin under the government then existing in 1835. It does not, of course, rest on the probabilities of the issuance of the title, but upon the possibility under the laws, of such title being made. The presumption is indulged to support and protect a long continued possession with a claim of title. (Dangerfield v. Paschal, 11 Tex., 583; see also Jones v. Borden, 5 Tex., 510.) The longest period fixed for the running of the statutes of limitation is generally the period at which the presumption of a grant arises. In this State it is ten years. In that view, no doubt, the court below established that as the period at which Martin acquired title in virtue of his possession and claim.

But in this case, if the time fixed (ten years) was too short a period, it is immaterial, for the same evidence on which the jury found for the defendants showed a possession and claim of twenty years, and the error, if any, will not affect the question. Did the court err in assuming that the facts of the case justified the court in submitting the mere fact of the possession to the jury, without leaving to them the determination of the question, whether the grant was in fact made? The title being supported by a right of Martin, as the head of a family, to a headright—at that time to a league of land under the laws, and a survey under the proper authority—certainly is a sufficient basis on which to rest the presumption.

It is difficult to conceive of a stronger case than this on which to presume, as a matter of law, that a grant was made. A right to the land as a preferred claim over all others, as a prior occupant, is shown. (O. & W. Digest, Art. 1166.) An incipient title by an order, and an actual survey, and the possession, and twenty years' claim, all are shown; and surely if in any case the

presumption should arise that a grant was made, it would be in such a case. It will be contended, perhaps, that the time of possession, before the inception of plaintiff's title, is not to be taken into account. We think that such a view is inapplicable to the doctrine of presumed grants by lapse of time. The decision of this court relied upon was relative to the statute of limitation. (Smith v. Power, 23 Tex., 29.)

WALKER, J.—On the fourteenth day of February, 1857, the plaintiff brought suit in the district court to recover six hundred and forty acres of land.

For title he counted on a patent from the State, issued to him on the fourteenth day of May, 1855.

The defendants claimed under one Martin, who was said to have settled on the land in 1835. They failed to make good any connection between themselves and Martin.

The case falls within the rule established by this court in Smith v. Power, 23 Texas R., 29; Taylor v. Watkins, 26 Texas R., 688; Yancey v. Norris, 27 Texas R., 40; Walker v. Hanks, 27 Texas R., 535.

The judgment of the court below was erroneous, and must be reversed. We therefore reverse the judgment, and order the writ of restitution to issue to the sheriff of Rusk county, and that the plaintiff recover his costs in this court and in the court below.

Reversed and rendered.